IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WEIMING JIANG,<br><br>    Plaintiff,<br><br>  v.<br><br>MICHAEL CHERTOFF, et al.,<br><br>    Defendants.<br>_____/ | No. C 08-00332 SI<br><br>**ORDER DENYING DEFENDANTS'**<br>**MOTION TO DISMISS** |

On April 25, 2008, the Court heard oral argument on defendants' motion to dismiss plaintiff's complaint for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1). Having considered the papers submitted, and for good cause shown, the Court DENIES defendants' motion.

**BACKGROUND**

Plaintiff Weiming Jiang is a U.S. Permanent Resident. Compl. at 1. On June 27, 2006, he filed an N-400 Application for Naturalization in order to become a U.S. Citizen. *Id.* Plaintiff's application is still pending, and U.S. Citizenship and Immigration Services ("USCIS") has not yet scheduled plaintiff for an interview. *See* Decl. of Janaki Rangaswamy ("Rangaswamy Decl.") at 5.

In order to process an N-400 application USCIS is required to solicit a background check on applicants from the Federal Bureau of Investigation ("FBI"). *See* 8 C.F.R. § 335.2(b); *see also* 8 U.S.C. § 1446(a) (requiring a background check generally); *and* 1998 Appropriations Act, Pub. L. 105-119, 111 Stat. 2440, 2448–49 (withholding funds unless an FBI background check is completed). Plaintiff's application with USCIS is still pending because the FBI has not yet completed plaintiff's "name check,"

which is customarily a part of the background check USCIS solicits from the FBI. *See* Rangaswamy Decl. at 5.

Plaintiff alleges that the delay in processing his N-400 application has caused him damage and seeks relief from the Court under the Mandamus Act, 28 U.S.C. § 1361, the Administrative Procedure Act (APA), 5 U.S.C. § 701 *et seq.*, and the Declaratory Judgement Act, 28 U.S.C. § 2201 *et seq*. Compl. at 2–3. Plaintiff requests that the Court require defendants to act expeditiously on his application. *Id.* at 3. Defendants now move to dismiss plaintiff's complaint for lack of jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1).

## LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(1) allows a party to challenge a federal court's jurisdiction over the subject matter of the complaint. As the party invoking the jurisdiction of the federal court, the plaintiff bears the burden of establishing that the court has the requisite subject matter jurisdiction to grant the relief requested. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 376–78, 114 S. Ct. 1673, 1675 (1994). A complaint will be dismissed if, looking at the complaint as a whole, it appears to lack federal jurisdiction either "facially" or "factually." *Thornhill Publ'g Co. v. Gen. Tel. & Elecs. Corp.*, 594 F.2d 730, 733 (9th Cir. 1979). When the complaint is challenged for lack of subject matter jurisdiction on its face, all material allegations in the complaint will be taken as true and construed in the light most favorable to plaintiff. *See NL Indus. v. Kaplan*, 792 F.2d 896, 898 (9th Cir. 1986). However, when the challenge is factual, a court may resolve disputes in determining the existence of jurisdiction (without converting the motion to one for summary judgment). *See Trentacosta v. Frontier Pacific Aircraft Indus.*, 813 F.2d 1553, 1558 (9th Cir. 1987) (*citing Thornhill Publ'g*, 594 F.2d at 733). This practice is limited to purely jurisdictional issues, and when the issue extends into the merits of the case, the court is again limited to taking the complaint's material allegations at face value. *See id.*

## DISCUSSION

Defendants claim this Court lacks subject matter jurisdiction under either a writ of mandamus

2

or the APA, contending that neither statute imposes a duty on defendants. In the alternative, if a duty is owed, defendants move to dismiss Robert Mueller, Director of the FBI, because USCIS, not the FBI, is responsible for processing plaintiff's N-400 application. The court will address each argument in turn.

## I.  Jurisdiction over USCIS under the APA and Mandamus Act

Defendants contend that since USCIS cannot act until the background check is complete, administrative action was not inappropriately withheld or delayed and thus the Court lacks jurisdiction under the APA. Likewise, defendants argue that mandamus is not appropriate because USCIS owes no duty to plaintiff. However, plaintiff contends that the now twenty-two-month delay is nonetheless unreasonable, and that there is a duty to act within a reasonable time. Plaintiff additionally questions whether a name check is actually a necessary component of the background check required by statute. The court agrees with plaintiff that USCIS has a duty to act within a reasonable time frame. The questions of whether defendants' delay is reasonable, and whether the name check is actually required, are factual inquiries going to the merits of plaintiff's claim, and are not appropriate grounds for dismissal at this stage.

"The common-law writ of mandamus, as codified in 28 U.S.C. § 1361, is intended to provide a remedy for a plaintiff only if he has exhausted all other avenues of relief and only if the defendant owes him a clear nondiscretionary duty." *Heckler v. Ringer*, 466 U.S. 602, 616 (1984). "A writ of mandamus is appropriately issued only when (1) the plaintiff's claim is clear and certain; (2) the defendant official's duty to act is ministerial, and so plainly prescribed as to be free from doubt; and (3) no other adequate remedy is available." *Barron v. Reich*, 13 F.3d 1370, 1374 (9th Cir. 1994) (internal quotations omitted). Jurisdiction extends to a United States official's authority to "take or fail to take an action as opposed to a decision taken within . . . discretion." *Patel v. Reno*, 134 F.3d 929, 931–32 (9th Cir. 1997).

"The APA authorizes suit by '[a] person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute.'" *Norton v. S. Utah Wilderness Alliance*, 542 U.S. 55, 61 (2004) (quoting 5 U.S.C. § 702). "'Agency action'

3

is defined in § 551(13) to include 'the whole or a part of an agency rule, order, license, sanction, relief, or the equivalent or denial thereof, *or failure to act*.' The APA provides relief for a failure to act in § 706(1): 'The reviewing court shall . . . compel agency action unlawfully withheld or unreasonably delayed.'" *Norton*, 542 U.S. at 61–62 (emphasis in original). In addition, § 555(b) of the APA states: "With due regard for the convenience and necessity of the parties or their representatives and within a reasonable time, each agency shall proceed to conclude a matter presented to it."

Although plaintiff does not point to a specific time frame in which N-400 applications must be processed, plaintiff contends that there is a duty to process the applications, and allowing an unlimited time for the name check process would run contrary to the APA's requirement for action within a reasonable time.

Defendant Michael Chertoff, as Secretary of the Department of Homeland Security ("DHS"), overseeing USCIS, bears a responsibility for the processing of citizenship applications:

> The Secretary of Homeland Security shall be charged with the administration and enforcement of this chapter and all other laws relating to the immigration and naturalization of aliens, except insofar as this chapter or such laws relate to the powers, functions, and duties conferred upon the President, Attorney General, the Secretary of State, the officers of the Department of State, or diplomatic or consular officers . . . .

8 U.S.C. 1103(a)(1). The Immigration and Nationality Act requires USCIS to give applicants a response to their petition for citizenship. *See* 8 C.F.R. § 335.3.

This Court agrees with plaintiff and the many district courts that have held that, taken together, the APA, and the statues and regulations governing immigration establish a clear and certain right to have applications adjudicated, and to have them adjudicated within a reasonable time frame. *See Wang v. Mukasey*, No. 07-6266, 2008 WL 1767042, *3 (N.D. Cal. April 16, 2008) (addressing an N-400 application for naturalization and holding that "[t]he court declines to find that the USCIS has no nondiscretionary duty in this case based solely on the fact that the FBI has not completed its background check"); *Sidhu v. Chertoff*, No. 07-1188, 2008 WL 540685, *5 (E.D. Cal. Feb. 25, 2008) ("The Ninth Circuit has confirmed that inaction involves a nondiscretionary act . . . [t]hus Defendants' delay in adjudicating Plaintiff's [N-400] application is a non-discretionary act."); *Alibeik v. Chertoff*,

4

No. 07-1938, 2007 WL 4105527, *5 (N.D. Cal. Nov. 16, 2007) ("[S]imply asserting a need to await results of an FBI name check does not suffice to show that delay was reasonable as a mater of law."); *Clayton v. Chertoff*, No. 07-2781, 2007 WL 2904049, *5 (N.D. Cal. Oct. 1, 2007) ("To accept Defendants' argument that timing is always a matter of discretion beyond the Court's power would enable them to avoid judicial review even of adjudications that were postponed indefinitely. This would eviscerate § 706(1) of the APA . . . ."); *Xiao v. Gonzales*, No. 07-0556, 2007 WL 2688464, *3 (N.D. Cal. Sept. 10, 2007); *Konchitsky v. Chertoff*, No. 07-0294, 2007 WL 2070325, *3 (N.D. Cal. July 13, 2007); *Gelfer v. Chertoff*, No. C 06-6724, 2007 U.S. Dist. LEXIS 26466, *4–5 (N.D. Cal. Mar. 22, 2007); *Dmitriev v. Chertoff*, No. 06-7677, 2007 WL 1319533, *3 (N.D. Cal. May 4, 2007); *Wu v. Chertoff*, No. 06-7880, 2007 WL 1223858, *3 (N.D. Cal. Apr. 25, 2007); *Singh v. Still*, 470 F. Supp. 2d 1064, 1068 (N.D. Cal. 2007); *Aboushaban v. Mueller*, No. C. 06-1280, 2006 WL 3041086, *2 (N.D. Cal. Oct. 24, 2006); *Song v. Klapakas*, No. 06-5589, 2007 U.S. Dist. LEXIS 27203, *10 (E.D. Penn. April 12, 2007) ("[E]ven though the actual decision to grant or deny an application for adjustment is discretionary, UCIS has a non-discretionary duty to act on applications within a reasonable time.").

Accordingly, where defendants unreasonably delay or fail to take action, the Court has jurisdiction to hear plaintiff's complaint under both the writ of mandamus and the APA. The Court has reviewed defendants' papers, and finds nothing to compel the conclusion that the present delay is a "reasonable time" as a matter of law. Plaintiff alleges in his complaint that defendants have delayed almost seventeen months in adjudicating his N-400 application. Defendants have provided a detailed description of the FBI name-check process in an attempt to explain the delay. The amount of time that is reasonable is a "fact specific inquiry that is premature at the jurisdiction stage." *Sidhu*, 2008 WL 540685, at *7; *see also Gelfer*, 2007 U.S. Dist. LEXIS 26466, at *6 ("On this motion to dismiss, it is premature to consider the exact sources of the delay to determine whether the delay was actually unreasonable under the circumstances."). Therefore dismissal is inappropriate. *See Trentacosta*, 813 F.2d at 1558 (finding a factual decision inappropriate where the jurisdictional inquiry goes to the merits of the actual claim).

5

## II. Jurisdiction over Defendant Mueller

Defendants assert that the Department of Homeland Security, lead by defendant Chertoff, is solely responsible for implementing immigration laws, and thus plaintiff has not established jurisdiction over defendant Mueller, Director of the FBI. Plaintiff contends, however, that by reading together the statutes and regulations requiring background checks, a duty is imposed on the FBI. The Court finds that the various immigration regulations and statutes do impose a duty on defendant Mueller in his official capacity. Accordingly, dismissal is not appropriate.

Although immigration adjudications are the domain of DHS, specific duties may be conferred on other entities. *See* 8 U.S.C. § 1103(a)(1) (giving immigration responsibility to the Secretary of Homeland Security, but noting exceptions for other officers ); 8 U.S.C. § 1446(a) (requiring citizenship applicants to undergo a background check done by a USCIS employee or another government employee); 8 C.F.R. § 2.1 (assigning immigration authority to the Secretary of Homeland Security, but allowing for delegation to government employees). The FBI is assigned responsibility for completing background checks. *See* 8 C.F.R. § 335.2; *see also* 1998 Appropriations Act, Pub. L. 105-119, 111 Stat. 2440, 2448–49 (withholding funds unless an FBI background check is completed).

The Court finds that, reading these regulations and statutes together, there is congressional authority for agencies other than DHS to have responsibility for aspects of the immigration application, and the FBI has been given responsibility for background checks and therefore has a duty to complete the checks within a reasonable time. This finding is consistent with other recent decisions in this district, as well as decisions from other circuits.[1] *Wang*, 2008 WL 1767042 at *2 ("The Court . . . finds that the FBI has a mandatory duty to complete its background check on naturalization applicants in a reasonable time."); *see also Moretazpour v. Chertoff*, No. 07-4264, 2007 WL 4287363 (N.D. Cal. Dec. 5, 2007); *Kaplan v. Chertoff*, 481 F. Supp. 2d 370, 400–01 (E.D. Pa. 2007) ("[W]here

---

[1] Judge Ronald Whyte's very recent decision in *Wang* was brought to the Court's attention by the government's attorney at oral argument. The Court appreciates the government's disclosure of this relevant case.

Congress has conditioned CIS's mandatory action on the FBI's completion of background checks, and where applicants must pay the FBI, through CIS, to complete the background checks, the Court holds that Congress has, by implication, imposed on the FBI a mandatory duty to complete the background checks.").

Additionally, the Court agrees with plaintiff's argument that dismissing defendant Mueller would allow the government to play a "shell game" of shifting responsibility. If this Court were to find, on the merits, that USCIS was justified in delaying because of an incomplete response from the FBI, then absent jurisdiction over defendant Mueller, plaintiff might have no recourse to compel the government to complete his name check and process his application. This result would run counter to the rationale in this district of finding jurisdiction under the APA and the Mandamus Act because plaintiff has a right to action within a reasonable time. *See Singh*, 470 F. Supp. 2d at 1068 ("The critical issue is not whether a particular branch of the federal government is responsible for the delay; it is whether the individual petitioner versus the government *qua* government is responsible.") (citing *Paunescu v. INS*, 76 F. Supp. 2d 896, 903 n.2 (N.D. Ill. 1999)).

The court is aware that other courts in this district have dismissed the FBI as a defendant in some immigration application actions. *See Alibeik*, 2007 WL 4105527 at *3; *Clayton*, 2007 WL 2904049 at *3; *Konchitsky*, 2007 WL 2070325 at *6; *Dmitriev*, 2007 WL 1319533 at *4. Those courts found no duty owed on behalf of the FBI. However, as explained in *Moretazpour* and *Wang*, those decisions involved I-485 applications, not N-400 applications, and the FBI's duty "does not arise in cases involving the adjudication of I-485 applications for permanent residency, because the FBI's involvement in conducting background checks arises by contract rather than by statute. Therefore, [] previous decisions to dismiss the FBI are distinguishable." *Wang*, 2008 WL 1767042 at *2.

Accordingly, the Court finds that the APA and the writ of mandamus provide jurisdiction over defendant Mueller. The Court does not, however, rule as to whether the FBI has breached a duty by delaying unreasonably. As discussed above, the reasonableness of the delay is a fact-specific dispute, not appropriate for dismissal at this stage. Likewise, plaintiff contends that although a background check is required, the name check is not a necessary component of that process. This issue goes to

the merits of plaintiff's claim – whether USCIS's delay, premised on the name check, is reasonable – and the Court will not reach it at this time. Whether or not a name check is a required component of the FBI's background check, the Court holds that it has jurisdiction over defendant Mueller due to the FBI's duty to complete a background check, however constituted.

## CONCLUSION

For the foregoing reasons and for good cause shown, the Court hereby DENIES defendants' motion to dismiss for lack of jurisdiction [Docket No.6].

**IT IS SO ORDERED.**

Dated: April 28, 2008

SUSAN ILLSTON
United States District Judge